PUERTO RICO CONTAINER COMPANY, DIVISION OF GRACE INTERNATIONAL, S.A., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, WILLIS RAMOS VÁZQUEZ, JUDGE, Respondent; ARTURO LERVOLD, Intervener.

No. C-62-64.     Decided September 21, 1967.

*Sifre & Ruiz Suria* for petitioner. *Víctor M. Bosch, Vicente Géigel Polanco,* and *Vicente Géigel Lanuza* for intervener.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The fact of whether or not Arturo Lervold, intervener herein, plaintiff in the action on which this proceeding is based, was an "executive" pursuant to § 19 of Act No. 379 of May 15, 1948, having been submitted for determination to the Superior Court of Puerto Rico, Bayamón Part, it decided that intervener Lervold was not an executive, but on the contrary an employee covered by the classification of said § 19.

The description made by the trial court of intervener's daily task was as follows: The plaintiff (intervener herein) performed for defendant the following tasks: he acted as teller receiving checks, drafts and cash; he kept the cashbook, making the corresponding entries; he made and kept account of the bank deposits; he made the requisitions and checks for the signature of the authorized officials; he kept the ledger by machine (Burroughs); he posted in said book from subsidiary books of expenses, sales, cashbook, and check register; he made adjustment entries and closing account entries; he made the credit notices, transfers from the sales account book; together with other employees he checked the goods and merchandise taking the monthly inventories; he made the reconciliations of the bank accounts; he revised and prepared every day about 50 or 60 vouchers fixing the prices according to the price list established by the company and making the corresponding arithmetic computations; he waited on customers who came to check their accounts, and occasionally he answered telephone calls to receive orders from clients; he signed receipts, payrolls, profit and loss reports, social security reports, and workmen's compensation reports.

We have scrutinized the extensive oral evidence attached

to the appeal, and we agree with the findings of fact of the trial court. Although the intervener, in his position as accountant, intervenes in a series of operations related to the movement of the organization's accounts, none of them granted him general or specific supervision in the management, administration or in the specialized transactions of a professional nature which distinguish the employees exempted by the final provision of § 19 of Act No. 379 of May 15, 1948. As to the work performed by the intervener, it is manual work within the ordinary routine of the regular accounting work to which the intervener devoted all his working time.

Having examined the categories covered by the Regulations of the Secretary of Labor Relating to Working Hours —29 R.&R.P.R. §§ 286-3 to 286-5—it is unquestionable that Lervold, intervener herein, did not participate in the management of the enterprise or of a department or subdivision thereof; he did not have authority to hire or fire other employees or intervene in their promotion; he did not exercise discretionary powers in relation to the management of his employer's business and devoted all his time to manual work. Although he received a salary of $875 monthly, he started with $225, and by virtue of his seniority with the enterprise and the discharge of other tasks and the increase in the work produced because of the development of the business, he had reached that salary without changing his category within the setup of the organization. Compared to the salary of the payer of the enterprise, which is $600 a month, the salary of intervener herein is not unusual.

As to the classification as "administrator" we have already indicated the manual nature of his work, the complete absence of exercise of discretion or personal judgment in relation to the management problems; besides, all his work was subject to the immediate supervision of a comptroller, including that which required special accounting knowledge.

Furthermore, it is our opinion that his accounting work did not require any advanced knowledge in the field of science or learning in contradistinction to a general academic education, to the apprenticeship and training of certain mental, manual, and physical processes, which would constrain us to consider him as a "professional," with tasks of acknowledged originality and creativeness, or special talent or invention.

For the reasons stated the writ issued will be quashed and the case will be remanded to the Superior Court of Puerto Rico, San Juan Part, for further proceedings not incompatible with the grounds of this ruling.